IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **KEITH THOMPSON,** Individually and On Behalf of Other Individuals Similarly Situated, Known and Unknown,<br><br>Plaintiffs,<br><br>v.<br><br>**NCO GROUP, INC., n/k/a EXPERT GLOBAL SOLUTIONS, INC., NCO CUSTOMER MANAGEMENT, INC., n/k/a APAC and NCO FINANCIAL SYSTEMS, INC., n/k/a NCO,**<br><br>Defendants. | No. 12 CV 03590<br><br>Judge Darrah<br><br>Jury Demanded |

# FIRST AMENDED COMPLAINT

Plaintiff, Keith Thompson (hereafter "Plaintiff" or "Thompson"), on behalf of himself and all other individuals similarly situated, known and unknown (hereafter sometimes "Plaintiffs"), through his undersigned attorneys, complains against Defendants NCO Group, Inc., n/k/a Expert Global Solutions, Inc. ("EGS"), NCO Customer Management, Inc., n/k/a APAC ("APAC"), and NCO Financial Systems, Inc. n/k/a NCO ("NCO") (sometimes collectively "Defendants"), as follows:

## NATURE OF ACTION

1. This collective action lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for one or more of the Defendants' failure to pay overtime wages due to Thompson and other similarly situated employees, and for retaliation against him in violation of § 215(a)(3) of the FLSA.

2. Specifically, one or more of the Defendants violated the FLSA by: (a) paying Thompson and other similarly situated "non-exempt" employees on a salary basis, thereby failing to pay them pay at a rate equal to one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) in individual workweeks; and (b) unlawfully firing Thompson in retaliation for his notifying and/or complaining to APAC about its failure to pay him overtime pay - as required by the FLSA.

3. Thompson also brings claims under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for one or more of the Defendants' failure to pay overtime wages as described in Counts III and IV below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed at APAC's facility located in this judicial district, and elsewhere. Accordingly, venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Prior to or about July of 2011, Thompson was employed by Protocol Global Solutions, Inc. ("Protocol") as a "non-exempt" supervisor in its Aurora, Illinois facility. In July of 2011, Protocol was acquired by defendant NCO Group, Inc., n/k/a EGS, and, thereafter, Thompson, as well as other similarly situated employees, became employees of Defendants and were improperly classified as "exempt" within the meaning of the FLSA.

7. EGS is a world-wide provider of private business information and outsourcing

services, including, *inter alia*, accounts receivable management, business cycle management, and contact center services for the energy, healthcare, government, pharmaceutical, and insurance markets. EGS is, and at all times relevant was, the holding company for two companies in the global business process outsourcing ("BPO") industry, i.e. APAC and NCO.

8. Upon information and belief, and at all times relevant, Defendants NCO Customer Services, Inc., n/k/a APAC, and NCO Financial Systems, Inc. n/k/a NCO, are divisions or subsidiaries of EGS. Furthermore, upon information and belief, at all times relevant, both APAC and NCO – at the direction of EGS – not only share data on a common database, but also operate as an organization(s) within, and/or at the direction and control of EGS with regard to standardized job classifications and exemptions for overtime pay required under the FLSA.

9. APAC is the EGS brand in the Customer Relationship Management ("CRM") BPO marketplace. NCO is the EGS brand in the Accounts Receivables Management ("ARM") BPO marketplace. EGS, through both APAC and NCO, is therefore a fully scaled provider, global partner, and a "single-source" solution with a customized CRM and ARM service delivery platform. EGS has over 120 offices globally and does business, and has facilities located, in this judicial district.

10. At all times relevant, each of the Defendants was a covered "employer" within the meaning of the FLSA and IMWL.

11. After repeatedly notifying and/or complaining to APAC about being misclassified - and despite his good work performance - APAC abruptly and unlawfully terminated Thompson from his employment on December 20, 2011, as more fully alleged herein.

12. Thompson, and all other individuals similarly situated – who, on information and belief, consist of all employees classified as exempt at the level of first-line supervisor or below

3

in the Defendants' job classification system, including, *inter alia,* first-line supervisors, job coaches, and/or team leaders (known and unknown) – have not been paid overtime wages as required under the FLSA and IMWL. As to the claims under the FLSA, similarly situated employees may opt-in to this case to pursue claims under 29 U.S.C. § 216(b).

## CLAIMS

### COUNT I – FAIR LABOR STANDARDS ACT
(Collective Action)

1. Thompson adopts and realleges Paragraphs 1 through 12 above as Paragraph 1 of Count I as though fully set forth herein.

2. Throughout his employment, from or about July of 2011 until or about December 20, 2011, APAC misclassified Thompson as an exempt employee and paid him on a salary basis. Most recently, Thompson earned an annual salary of approximately $31,436.00 at APAC, or $604.54 per workweek, regardless of his actual hours worked.

3. At all times relevant, Thompson was routinely directed by APAC to work, and did work, in excess of forty (40) hours per workweek.

4. Pursuant to 29 U.S.C. § 207, Thompson was entitled under the law to be paid at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

5. APAC failed to pay overtime to Thompson for all weeks in which he worked in excess of forty (40) hours.

6. APAC knew of its obligation to pay "non-exempt" employees overtime, or disregarded that fact, and intentionally chose not to pay Thompson accordingly.

7. As a direct and proximate result thereof, Thompson and others similarly situated are due back wages and liquidated damages pursuant to the FLSA.

8. APAC acted in bad faith in failing to properly compensate Thompson and members

of the Plaintiff Class for the work they performed.

9. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. § 207.

10. The Court previously granted preliminary certification to the class of employees employed by Defendant NCO Customer Services n/k/a APAC that included all NCO Customer Service employees classified as first-line supervisors and below who were classified by said Defendants as exempt from overtime pay requirements.

11. Pursuant to the Order of this Court, the original Defendants in this action were directed to provide notice to all putative class members employed or previously employed by APAC and the predecessor customer service providers acquired by NCO Group or NCO Customer Services, Inc. who were employed by Defendants or the employees acquired by said Defendants within three years prior to the commencement of this lawsuit through the present of their right to join in the original FLSA action brought by Plaintiff Thompson on their behalf.

12. Following the preliminary certification and notice referred to in the preceding paragraphs, the parties have stipulated to add and give notice to all employees at the level of first-line supervisor and below who were employed by NCO Financial Services, Inc. n/k/a NCO, who were or are classified as exempt from FLSA overtime requirements and who have a position of first-line supervisor, job coach, team leader or similar classification and who worked for NCO Financial Services, Inc. ("NCO-FS"), or its predecessor companies and acquisitions within three years prior to the commencement of this action. (A copy of the stipulation filed with the Court on February 19, 2014, and agreeing to add NCO-FS as a defendant is attached hereto as Exhibit "A" and incorporated herein.)

13. In order for putative class members employed by NCO—FS as described in the

preceding paragraph who are similarly situated to Thompson as more fully described above, to become fully aware of their rights to join this cause of action, the parties also stipulated to the method by which proper notice shall be provided to all similarly situated individuals employed by NCO—FS, additional time for those individuals to file consent forms with this Court as provided by 29 U.S.C. § 216(b) and that the rights of the NCO-FS opt-ins shall relate back to the date this lawsuit was originally filed

14. In order to bring this cause of action, it has been necessary for Thompson, the named Plaintiff, and will become necessary for all similarly situated individuals who "opt-in" to this action, to employ attorneys to secure any judgment due them with regard to back compensation.

**WHEREFORE**, Plaintiff, Keith A. Thompson, on behalf of himself and all other individuals similarly situated, known and unknown, respectfully requests that this Court enter an order against one or more of the Defendants, as follows:

(A) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for up to three (3) years preceding the filing of this Complaint, or any other maximum period, according to the applicable statute of limitations for willful violations of the FLSA;

(B) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

(C) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

(D) Awarding reasonable attorneys' fees, expenses and costs incurred in this action; and

(E) Entering an injunction precluding Defendants, or any of them, from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

(F) Ordering such other and further relief as this Court deems just and appropriate.

## COUNT II - FAIR LABOR STANDARDS ACT
### (Individual Action - Retaliation in Violation of 29 U.S.C. § 215(a)(3))

1. Thompson adopts and realleges Paragraph 1 of Count I as Paragraph 1 of Count II as though fully set forth herein.

2. 29 U.S.C § 215(a)(3) makes it unlawful for an employer to discharge, or in any other way discriminate against, any employee because such employee has, *inter alia*, notified or made any complaint to an employer about an unfair labor practice under the FLSA, including its failure or refusal to pay overtime compensation to eligible employees.

3. Because of Thompson's legally protected conduct, as alleged above, APAC unlawfully retaliated against him, including but not limited to suspending him on or about December 14, 2011, and then terminating his employment on or about December 20, 2011.

4. As a direct and proximate result of APAC's misconduct, as alleged, Plaintiff has lost, and will continue to lose, substantial income and employment benefits, has suffered related anxiety, humiliation, emotional distress, and has sustained other damages.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Keith A. Thompson, respectfully requests that this Court enter an order against one or more of the Defendants, as follows:

(A) Declare that APAC has violated the Fair Labor Standards Act by retaliating against him;

(B) Award him all lost past compensation and benefits, and lost interest thereon;

(C) Award him the value of all lost compensation and benefits that he will lose in the future as a result of APAC's misconduct;

(D) In the alternative to paragraph (C), reinstate him to his proper position with

appropriate promotions, benefits and seniority and otherwise make him whole;

(E)  Award him all authorized compensatory, punitive and/or liquidated damages for retaliation under the FLSA;

(F)  Award him reasonable attorney's fees, expenses and costs; and

(G)  Award him such other relief as this Honorable Court deems proper.

**COUNT III – ILLINOIS MINIMUM WAGE LAW**
**(Class Action)**

1. Plaintiff and class members adopt and reallege Paragraph 1 of Count I as Paragraph 1 of Count III as though fully set forth herein.

2. The matters set forth in this Count arise from said violations of the overtime compensation provision of the IMWL, 820 Ill. Comp. Stat. 105/4(a)(1). At all times relevant herein, Defendants were each an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

3. Thompson and the class members were employees of one or more of the Defendants who were not paid proper overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during their employment, and bring this Count pursuant to 820 Ill. Comp. Stat. 105/12(a).

4. This action is properly maintainable as a class action under the Federal Rules of Civil Procedure, Rule 23, because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative party are typical of the claims or defenses of the class, the representative party will fairly and adequately protect the interest of the class, and a class action is superior to other methods of resolution for this action.

5. The class members identified above are so numerous that joinder of all members is impracticable. The exact number of the class is unknown, but may be determined from records maintained by Defendants.

6. There are numerous and substantial questions of law and fact common to all of the members of the class including, but not limited to, whether Defendants, or any of them, has misclassified – and/or continues to misclassify – various other employees at their various facilities and offices, whether Defendants, or any of them, have violated, and continue to violate, the IMWL, and by not paying Thompson and said class members the sums that are due and owing.

7. Defendants are expected to raise common defenses to this class action, including denial that their actions violated the law.

8. Thompson, the Named Plaintiff, will fairly and adequately protect the interests of the class, and has retained counsel experienced and competent in the prosecution of complex and class action litigation.

9. Thompson's claims are also typical of the claims of the class as he has the same interests and has suffered from the same injury as the class members. Thompson, the Named Plaintiff, and the class he seeks to represent are/were not paid for all of their time worked because of Defendant(s)' alleged employee misclassification(s).

10. Upon information and belief, no member of the class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against any Defendant(s). However, if any such class member should become known, he or she can "opt

out" of this action upon receipt of the class action notice pursuant to the Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

11. Thompson and his counsel are unaware of any other litigation concerning this controversy commenced by or for other class members.

12. Litigation should be concentrated in this forum because many of the anticipated class members are or were employed at APAC's Aurora, Illinois facility, which is located within this judicial district.

13. The Court has the resources and abilities to effectively manage this class action.

**WHEREFORE**, Plaintiff, Keith A. Thompson, on behalf of himself and all other individuals similarly situated, known and unknown, respectfully requests that this Court enter an order against one or more of the Defendants, as follows:

(A) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*;

(B) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*;

(C) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation due under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*;

(D) Awarding reasonable attorneys' fees, expenses and costs incurred in this action, 820 Ill. Comp. Stat. 105/1, *et seq.*; and

(E) Entering an injunction precluding Defendants, or any of them, from violating the IMWL; and

(F) Ordering such other and further relief as this Court deems just and appropriate.

# COUNT IV – ILLINOIS MINIMUM WAGE LAW
## (Individual Action)

1. Plaintiff, Thompson, adopts and realleges Paragraph 1 of Count I as Paragraph 1 of Count IV as though fully set forth herein.

2. At all times relevant herein, Thompson was employed by APAC as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

3. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all workweeks during which Thompson worked for APAC in excess of forty (40) hours, he was entitled to be compensated at one and one-half times his normal hourly rate of pay for such hours.

4. APAC violated the maximum hours provision of the IMWL, 820 Ill. Comp. Stat. 105/4(a) by failing to compensate Thompson for all hours worked in excess of forty (40) hours per workweek at a rate equal to one and one-half times his regular rate of pay.

5. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Thompson is entitled to recover from one or more Defendants all unpaid wages earned prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

**WHEREFORE**, Plaintiff, Keith A. Thompson, respectfully requests that this Court enter an Order against one or more of the Defendants, as follows:

(A) Awarding judgment in the amount of back pay equal to the amount of all unpaid overtime compensation due for violations of the IMWL;

(B) Awarding prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2;

(C) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

(D) Awarding reasonable attorneys' fees, expenses and costs in this action; and

(E)  Ordering such other and further relief as this Court deems just and appropriate.

                                                    Respectfully submitted,

                                                    **KEITH A. THOMPSON,**
                                                    Plaintiff

                                                    By: /s/ Daniel J. Voelker
                                                              One of His Attorneys

Daniel J. Voelker, Esq.
Jeffrey L. Dorman, Esq.
Tricia L. Putzy, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T:  (312) 870-5430
F:  (312) 870-5431
dvoelker@voelkerlitigationgroup.com
jdorman@voelkerlitigationgroup.com
tputzy@voelkerlitigationgroup.com

Randall B. Gold, Esq.
Michael R. Fox, Esq.
FOX & FOX, S.C.
221 N. LaSalle Street, Suite 2900
Chicago, Illinois 60601
T: 847-796-5198
F: 312-641-0781
rgoldlaw@aol.com
mfox@foxquick.com

Dated:  April 24, 2014

## CERTIFICATE OF SERVICE

I, Daniel J. Voelker, an attorney, hereby certify that on the 24th day of April, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

David Israel, Esq.
Kevin G. Barreca, Esq.
Justin Harris Homes, Esq.
Cara M. Schiffman, Esq.
James Kevin Schultz, Esq.
SESSIONS FISHMAN NATHAN & ISRAEL LLP
3850 N. Causeway Blvd.
New Orleans, Louisiana 70002

John Anthony Ybarra, Esq.
Stephanie Seay Kelly, Esq.
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654

/s/ Daniel J. Voelker